**In re Vladimir SHUBOV, Debtor.**

**Polo Building Group, Inc.; Arlo Hale Smith, Appellants,**

v.

**Faina Rakita, Appellee.**

**BAP No. NC–99–1531–KPRy.**
**Bankruptcy No. 95–3–2611–TC.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted June 22, 2000.

Decided Sept. 27, 2000.

---

Arlo Hale Smith, San Francisco, CA, for Polo Building Group, Inc.

Before: KLEIN, PERRIS, and RYAN, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

Appellants abused the power to issue federal civil subpoenas and were sanctioned under two rules ill-suited to the situation. We AFFIRM on the basis of Federal Rule of Civil Procedure 45(c)(1), which rule applies in bankruptcy and is specifically tailored to subpoena abuse.

### Jurisdiction

The bankruptcy court had subject-matter jurisdiction over the sanctions motion as a "core proceeding" that it was empowered to hear and determine. 28 U.S.C. §§ 157(b) & 1334. The sanctions order is final because there is no on-going adversary proceeding or contested matter to which it relates; hence, there is no risk of interfering with a trial judge's ability to structure sanctions or of promoting piecemeal appeals. *Cf. Cunningham v. Hamilton County*, 527 U.S. 198, 209, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). We have jurisdiction under 28 U.S.C. § 158.

### Standard of Review

We review findings of fact for clear error and conclusions of law de novo. The determination of which rule or statute governs a particular situation is a question of law. Decisions regarding whether to enforce or quash subpoenas and sanctions incident thereto are reviewed for abuse of discretion. *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir.1982); *cf. Digital Resource, LLC v. Abacor, Inc. (In re Digital Resource, LLC)*, 246 B.R. 357, 373 (8th Cir. BAP 2000).

### Facts

Appellant Smith represents appellant creditor Polo Building Group, Inc. ("Polo") in the Vladimir Shubov bankruptcy.

Polo, a judgment creditor on a $37,000 pre-bankruptcy state court judgment against Shubov, filed a $750,000 proof of claim on a theory that it has a tort action, independent of the trustee, based on allegedly fraudulent transfers made pre-bankruptcy.

Smith, acting for Polo, issued subpoenas under Federal Rule of Civil Procedure ("Civil Rule") 45 to obtain Wells Fargo Bank's account records of appellee Faina Rakita and three corporations, all of whom Polo suspects of hiding Shubov's assets. Only the Rakita subpoena is before us.

Polo had not obtained court permission for an examination under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004. Polo was not party to any adversary proceeding or contested matter with respect to which the subpoena was within the scope of discovery under Civil Rule 26(b). Nor had the court authorized Polo to pursue an action on behalf of the trustee.

The bank, knowing its customer opposed release of account records, objected to the subpoena.

Polo prosecuted a motion to compel, which the court denied while refusing to act on sanctions without a separate motion.

A separate motion for sanctions under Bankruptcy Rule 9011 was filed. Appellants' opposition ignored Rule 9011 and argued against an expense award under Civil Rule 37(a) because Polo's position was either "substantially justified" or "other circumstances make an award of expenses unjust." At the hearing, the court acted on the basis of both rules in the alternative.

The court made factual findings determining that appellants' purpose in issuing the subpoena related to the attempt to pursue a fraudulent transfer action as to

which Polo lacked standing and that it did not relate to any objection to claim or other proceeding pending when the subpoena was issued. And it found that appellants knew they were overreaching.

The court awarded sanctions measured by the $4630.58 Rakita incurred in opposing the motion, ruling that appellants acted in bad faith and for an improper purpose. And, in the alternative, it awarded expenses under Civil Rule 37(a). This appeal ensued.

## Issue

Whether the court abused its discretion when ordering appellants to pay the appellee's expenses incurred in resisting the motion to compel compliance with the subpoena.

## Discussion

We begin by reviewing the facts for clear error before addressing the intricacies of the sanctions rules.

### I

The bankruptcy court concluded that the subpoena was issued with knowledge that it was not tied to an action as to which Polo had standing and with knowledge that it was not tied to any legitimate discovery. We cannot say that the bankruptcy court clearly erred in reaching this conclusion.

The subpoenas were not linked to any specific request for discovery under the Federal Rules of Civil Procedure that apply in bankruptcy. *E.g.* Fed.R.Civ.P. 26–36, *incorporated by* Fed.R.Bankr.P. 7026–36 & 9014.

Nor had the court authorized "Rule 2004" bankruptcy discovery. Fed. R.Bankr.P. 2004. Hence, the court correctly rejected appellants' excuse that the subpoenas were intended to explore whether others might be dragged into the bankruptcy case.

The court ruled that the fraudulent transfer tort theory on which Polo's $750,000 claim was based was merely the avoiding action owned by the trustee as to which Polo lacked standing and that a claim objection was insufficient to warrant the subpoenas.

The court found that appellants were aware that the subpoenas were inappropriate and nevertheless proceeded to press the motion to compel, even to the point of demanding sanctions from the bank for failing to comply with the subpoena.

Any of these factors independently supports the court's finding that appellants were acting in bad faith. Cumulatively, they provide ample support for the court's conclusion.

In awarding Rakita $4630.58 in fees and expenses incurred in opposing the motion to compel, the court did not clearly err.

### II

Procedural error infects the Bankruptcy Rule 9011 award in this instance, while Civil Rule 37(a) is of doubtful application.

### A

We do not quarrel with the court's conclusion that Polo prosecuted its motion to compel in violation of Bankruptcy Rule 9011(b).[1] Yet, Rakita's award cannot be

---

1. Bankruptcy Rule 9011(b) provides:

 (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

 (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
 (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

sustained on that basis because the procedural requirements of Bankruptcy Rule 9011 were not satisfied.

As modified in 1997 (to conform to 1993 changes in Civil Rule 11), Bankruptcy Rule 9011 requires that precise procedures be followed, the details of which vary based on whether sanctions are being imposed by motion or on the court's initiative. Fed.R.Bankr.P. 9011(c).[2]

For guidance regarding bankruptcy's clone of Civil Rule 11, we turn to the rich lore of decisions under that rule.

1

■ The primary problem is that Rakita's Bankruptcy Rule 9011 motion was out of order because it was not made until after compliance with that rule's "safe harbor" provision became impossible.

No party can file a Bankruptcy Rule 9011 motion until after the targeted party has been served with the motion and given 21 days (or a court-prescribed interval) in which to withdraw or correct the offending matter. Fed.R.Bankr.P. 9011(c)(1)(A).

Rakita did not make her motion until after the motion to compel had been denied, at which point it was too late for Polo to withdraw or correct either the motion or the subpoena.

■ Parties who ask for sanctions under this rule are not permitted to circumvent the safe harbor by waiting until it is

---

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Bankr.P. 9011(b).

**2.** Bankruptcy Rule 9011(c) provides:

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees

incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

Fed.R.Bankr.P. 9011(c).

too late to withdraw or correct the offending matter. *Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir.1998); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice Procedure, Civil 2d § 1337 (2d ed. Supp.2000) ("Wright & Miller") A movant cannot deprive the target of the opportunity to escape sanctions by withdrawal or correction.

Since appellants did not have the mandatory opportunity to withdraw or correct the offending papers, Bankruptcy Rule 9011(c)(1)(A) sanctions imposed on Rakita's motion cannot be sustained.

2

 Nor can we rescue the sanctions order by deeming it to have been on the court's own initiative. While the court is permitted to bypass the safe harbor when acting on its own motion, there is nevertheless a mandatory procedure that was not followed.

When the court acts on its own initiative to impose sanctions under Bankruptcy Rule 9011, it must enter an order describing the specific conduct that appears to violate Bankruptcy Rule 9011(b) and requiring that the apparent offenders show cause why they have not violated that rule. Fed.R.Bankr.P. 9011(c)(1)(B); 5A Wright & Miller § 1337 (2d ed. supp.2000).

The bankruptcy court did not issue an order to show cause. Hence, to the extent that the award was made on the court's own initiative under Rule 9011, it is procedurally defective.

3

Even absent the procedural errors, three other issues would need to be resolved before Bankruptcy Rule 9011 sanctions could be affirmed.

 First, it would be important to know whether the sanctionable conduct violated only Bankruptcy Rule 9011(b)(2) or whether it also violated any of the three other subdivisions of Bankruptcy Rule 9011(b). This matters because Polo, as a represented party, cannot be required to

pay monetary sanctions for violating Bankruptcy Rule 9011(b)(2). Fed.R.Bankr.P. 9011(c)(2)(A).

 Second, the court, while empowered to order payment of a penalty into court when acting on its own initiative, cannot shift attorney's fees and other expenses directly resulting from the violation except upon motion of a party. Fed. R.Bankr.P. 9011(c)(2). Thus, if the court acted on its own initiative, a monetary award other than payment of a penalty into the court would have been unauthorized. *Barber*, 146 F.3d at 711.

Finally, whether Bankruptcy Rule 9011 can be applied to a subpoena that is in the nature of a discovery request for the production of records is debatable. The rule does not apply to discovery requests, responses, objections, and motions that are subject to Civil Rules 26–37. Fed. R.Bankr.P. 9011(d). As noted, a subpoena can be a form of discovery. Fed.R.Civ.P. 26(a)(5). Yet, Bankruptcy Rule 9011(d) does not mention either Civil Rule 45 or Bankruptcy Rule 9016, which incorporates Civil Rule 45 in bankruptcy. We need not, however, reach that question today in light of the procedural defects.

In short, Rakita's sanctions award cannot be sustained under Bankruptcy Rule 9011.

B

Appellants invite us to consider the interesting question of whether Civil Rule 37(a)(4)(B) applies notwithstanding that the subpoena was not issued in connection with any of the discovery devices enumerated in that rule.

We decline the invitation as unnecessary because Civil Rule 45(c)(1) is specifically tailored to subpoena abuse.

We treat appellants' Civil Rule 37 defenses—that their actions were substantially justified or that other circumstances make an award unjust—as arguments under Civil Rule 45 that they took reasonable

steps to avoid imposing undue burden or expense.

## III

We turn our attention to Civil Rule 45(c)(1) because we can affirm for any reason supported by the record. *E.g. Dittman v. California*, 191 F.3d 1020, 1027 n. 3 (9th Cir.1999).

Smith issued the subpoena on his own authority under Civil Rule 45, which applies in bankruptcy per Bankruptcy Rule 9016. Fed.R.Civ.P. 45, *incorporated by* Fed.R.Bankr.P. 9016.

Since 1991, an attorney has been permitted to issue and sign a subpoena on behalf of a court in which the attorney is authorized to practice. Fed.R.Civ.P. 45(a)(3)(A).

Abuse of this liberal authority is constrained by Civil Rule 45(c), which subjects attorneys to a "sword of Damocles" when they overreach.[3] *See* 9A Wright & Miller § 2463 (2d ed.1995).

The attorney or party responsible for issuance and service of a subpoena has a duty to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Fed.R.Civ.P. 45(c)(1).

Breach of the duty to avoid undue burden or expense in connection with the subpoena is enforced by exposure to a sanction that may include, but is not limited to, lost earnings and a reasonable attorney's fee. Fed.R.Civ.P. 45(c)(1).

The duty is co-extensive with the liberalized authority to issue subpoenas, and the courts are directed to enforce the duty in mandatory language—the court "shall enforce this duty"—that contemplates a liberal construction of what constitutes a breach. Thus, it has been held that Civil Rule 45(c)(1) sanctions can be imposed without reference to whether the circumstances satisfy all the elements of the tort of abuse of process that it mentioned in the advisory committee note. *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86 (N.D.Cal.1995). The message is that one who issues a subpoena in doubtful circumstances is taking a pronounced risk.[4]

When a subpoena should not have been issued, literally everything done in response to it constitutes "undue burden or expense" within the meaning of Civil Rule 45(c)(1). It is similarly "undue" to have to contend with a motion to compel compliance with an illegitimate subpoena.

It is apparent that appellants breached their duty to avoid undue burden or expense. The subpoena should never have issued. Nobody should have been required to read it or to do anything else in connection with it. Nor should anybody have been required to contend with the motion to compel.

Although the bankruptcy court did not, in so many words, analyze the "undue burden or expense" element, its findings

3. Civil Rule 45(c)(1) provides:
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and shall impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
Fed.R.Civ.P. 45(c), *incorporated by* Fed. R.Bankr.P. 9016.

4. The 1991 advisory committee note does not mince words:
Paragraph (c)(1) gives specific application to the principle stated in Rule 26(g) and specifies liability for earnings lost by a non-party witness as a result of misuse of the subpoena. No change in existing law is thereby effected. Abuse of a subpoena is an actionable tort, *Board of Ed. v. Farmingdale Classroom Teach. Ass'n*, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975), and the duty of the attorney to the non-party is also embodied in Model Rule of Professional Conduct 4.4. The liability of the attorney is correlative to the expanded power of the attorney to issue subpoenas. The liability may include the cost of fees to collect attorneys' fees owed as a result of a breach of this duty.
Fed.R.Civ.P. 45(c), 1991 advisory committee note.

relating to bad faith are adequate to the task. The appellants' argument that their actions were substantially justified or that other circumstances make an award unjust was necessarily rejected when the court concluded they acted in bad faith. We perceive no error in this respect.

It follows that all of Rakita's expenses in response to the subpoena, including attorney's fees, are eligible to be awarded.

In short, the court's award of fees to Rakita was authorized by Civil Rule 45(c)(1) and will be affirmed on that ground.

\* \* \*

The order of the bankruptcy court requiring Polo and Smith to pay Rakita $4630.58 is AFFIRMED.

KLEIN, Bankruptcy Judge, concurring:

I join the majority opinion and write separately for the sake of completeness to note that Civil Rules 26(g) and 37 are other arrows in the sanctions quiver.

In order for these rules to apply in the present instance, however, we would have to conclude that Polo's motion to compel is, itself, a "contested matter" under Bankruptcy Rule 9014. Fed.R.Bankr.P. 9014, *incorporating* Fed.R.Bankr.P. 7026–7037.

I

If applicable, Civil Rule 26(g), is another basis for affirming the award. Fed. R.Civ.P. 26(g), *incorporated by* Fed. R.Bankr.P. 7026. This rule applies in adversary proceedings, contested petitions, and contested matters. Fed.R.Bankr.P. 7037, 1018 & 9014.

It would apply because Civil Rule 26(a)(5) designates a subpoena as a discovery device for obtaining documents or permitting inspection of premises. Fed. R.Civ.P. 26(a)(5).[5]

Moreover, Civil Rules 26(g) and 45(c) are not mutually exclusive. The drafters of Civil Rule 45(c) made clear that the rule was not intended to cut back on any protections that already existed. The advisory committee explained, the rule "is not intended to diminish rights conferred by Civil Rules 26–37 or any other authority." Fed.R.Civ.P. 45(c), 1991 advisory committee note; David Siegel, *Federal Subpoena Practice Under the New Rule 45 of the Federal Rules of Civil Procedure,* 139 F.R.D. 197, 228 (1992). To the extent subpoena abuse was encompassed by other rules, those rules would also continue to apply.

Civil Rule 26(g) would be particularly pertinent to this appeal because the court purported to be acting under bankruptcy's clone of Civil Rule 11. The salience of Civil Rule 26(g) is that it embodies the former version of Civil Rule 11 that was in effect until 1993 (and which remained in effect in bankruptcy until the 1997 amendment to Bankruptcy Rule 9011) and that is not subject to the procedural straightjacket included in the new Civil Rule 11 and Bankruptcy Rule 9011.[6]

Moreover, key substantive provisions of Civil Rule 11 and Bankruptcy Rule 9011 relating to improper purpose and warranted by law are replicated in Civil Rule 26(g). *Compare* Fed.R.Civ.P. 11(b)(1)–(2) *and* Fed.R.Bankr.P. 9011(b)(1)–(2), *with*

---

5. Civil Rule 26(a)(5) provides:

(5) Methods to Discover Additional Matter. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission.
Fed.R.Civ.P. 26(a)(5), *incorporated by* Fed. R.Bankr.P. 7026.

6. Civil Rule 26(g)(2)–(3) echoes old versions of Civil Rule 11 and Bankruptcy Rule 9011:

(2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reason-

Fed.R.Civ.P. 26(g)(2)(A)–(B). Thus, a motion under the "improper purpose" or "warranted by law" prongs of Civil Rule 11 and Bankruptcy Rule 9011 raises the identical substantive issues as a Civil Rule 26(g) motion on the same theories.

Since Rakita's Bankruptcy Rule 9011 motion squarely presents issues of "improper purpose" and not "warranted by law," it follows that appellants have already had their due process opportunity to respond to the same theories presented under Civil Rule 26(g).

The court's determination that appellants proceeded in bad faith is tantamount to a determination that the subpoena, which is a form of discovery request, was interposed for an improper purpose within the meaning of Civil Rule 26(g)(2)(B), was not warranted by existing law or a nonfrivolous argument for change in law, was unreasonable or unduly burdensome in violation of Civil Rule 26(g)(2)(C), and was done without substantial justification.

In short, if we were to conclude that Polo's motion to compel was a "contested matter" under Bankruptcy Rule 9014, then I believe that Civil Rule 26(g) would apply and that the court did not abuse its discretion in finding a violation of the rule and in making the award to Rakita.

## II

Likewise, while we find it unnecessary to delve into the mysteries of Civil Rule 37 in light of the plain applicability of Civil Rule 45(c), it should be noted that there is a theory—albeit attenuated—under which that rule might be applied if the motion to compel were to be deemed a "contested matter."

Civil Rule 37 applies in bankruptcy per Bankruptcy Rule 7037. Fed.R.Bankr.P. 7037. This rule applies in adversary proceedings, contested petitions, and contested matters. Fed.R.Bankr.P. 7037, 1018 & 9014.

One who successfully opposes a Civil Rule 37(a) motion to compel is entitled to reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the motion was substantially justified or that other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(4)(B).[7] Since the entitlement is automatic unless the court makes a specific determination to rescue the movant, the expense award is better described as a cost of doing business in the discovery dispute arena than as a sanction. *Cf. Barton Business Park Assocs. v. Alexander (In re Barton Business Park As-*

---

able inquiry, the request, response, or objection is:

(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

(3) If without substantial justification a certification is made in violation of the rule,

the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Fed.R.Civ.P. 26(g), *incorporated by* Fed.R.Bankr.P. 7026.

**7.** Civil Rule 37(a)(4)(B) provides:

(B) If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and *shall,* after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, *unless* the court finds that the making of the motion

*socs.),* 118 B.R. 776, 780 (Bankr.E.D.Cal. 1990) (prior rule).

As the bankruptcy court explained, its rulings that the subpoena and motion were made in bad faith and were not warranted by law necessarily subsume the propositions that they also were not substantially justified and that other circumstances do not make an award unjust. Thus, if Civil Rule 37(a) applies, then the court's award could easily be justified on that basis.

The court noted, correctly, that a Civil Rule 37(a) expense award poses conceptual problems because Polo's subpoena was not issued in connection with any of the discovery devices enumerated in that rule. 8A WRIGHT, MILLER & MARCUS § 2288 n. 15 (2d ed.1994).

Civil Rule 37(a) encompasses failures to make a disclosure required by Civil Rule 26(a), Fed.R.Civ.P. 37(a)(2)(A), as well as failures to answer a question asked under Civil Rules 30 or 31, to make a designation under Civil Rule 30(b)(6) or 31(a), to answer an interrogatory under Civil Rule 33, or to respond to a request for inspection under Civil Rule 34, all of which may be addressed by a motion to compel discovery. Fed.R.Civ.P. 37(a)(2)(B).

The one other circumstance in which Civil Rule 37(a) expense awards are expressly permitted is in connection with a Civil Rule 26(c) motion for protective order. Fed.R.Civ.P. 26(c) ("The provisions of Civil Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion").

The naked subpoena in this instance would not lie within the direct compass of Civil Rule 37(a). Nothing had happened to trigger a disclosure obligation under Civil Rule 26(a). Nor was there any associated deposition, interrogatory, or request for production. And there was no motion for a protective order.

Nevertheless, the naked subpoena may lie within the indirect compass of Civil Rule 37(a). A Civil Rule 45 subpoena is itself a form of discovery as defined by Civil Rule 26(a)(5). Moreover, it has been held that expenses in connection with a Civil Rule 45 subpoena may be awarded under the "undue burden or expense" analysis of Civil Rule 26(c). Fed.R.Civ.P. 26(c); *Columbia Broad. Sys., Inc.,* 666 F.2d at 368–69.

As the Moore's treatise notes, "the interplay between Civil Rules 26(c), 37(a), and 45, remains a subject of debate when discovery is sought from, or a protective order is litigated by, a nonparty." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37.23[11], at 37–58—37–59 (3d ed.2000) (parentheses omitted).

Thus, I do not regard our decision as holding that Civil Rule 37 does not apply to subpoena abuse.

In light of the unambiguous applicability of Civil Rule 45(c), the issue can be left to another day.

---

was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(B), *incorporated by* Fed. R.Bankr.P. 7037 (emphasis supplied).