ATS PRODUCTS, INC., Plaintiff–Appellant,

v.

Lawrence E. SHEA; Shea Technology, a Nevada Limited Liability Company; Defendants–Appellees,

Spunstrand, Inc., Real–party–in–interest–Appellee,

and

Shea Technology; Lawrence E. Shea, Defendants.

No. 02–17506.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2004.*

Decided Aug. 6, 2004.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Michael G. Ackerman, Esq., Kevin B. Kevorkian, Esq., Ackerman and Kevorkian, Santa Clara, CA, for Plaintiff–Appellant.

Christopher C.S. Blattner, Esq., Motschenbacher & Blattner LLP, Portland, OR, Marc L. Shea, Esq., Popelka Allard, A.P.C., San Jose, CA, for Real–party–in–interest–Appellee.

Before: FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

**MEMORANDUM \*\*\***

ATS Products, Inc. appeals the orders of the district court in favor of Spunstrand, Inc., which imposed fees and costs upon ATS. *See* Fed.R.Civ.P. 45(c)(1). We affirm.

(1) At the threshold, Spunstrand claims that we lack jurisdiction because the notice of appeal was not filed by ATS at the proper time. We disagree. We need not explore the timing niceties arising out of the first notice of appeal, which was filed after a conditional dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1), because the second notice (styled amended), which was filed after a dismissal with prejudice, was surely timely and proper. *See Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 617—18 (9th Cir.1993). Moreover, the fact that a brief was filed before the second notice neither affects our jurisdiction nor results in unfairness to Spunstrand, which had ample time to respond, and did.

(2) ATS asserts that the district court errred when it imposed fees and costs in favor of Spunstrand on the basis that ATS had unreasonably issued an unduly burdensome subpoena. *See* Fed.R.Civ.P. 45(c)(1). We disagree with ATS.

Simply put, the district court did not abuse its discretion when it determined that the subpoena issued by ATS was unduly burdensome. *See Theofel v. Farey–Jones,* 359 F.3d 1066, 1074 (9th Cir.2004) (issuer's "grave responsibility" to avoid abuse); *Mattel Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 813 (9th Cir.2003) (standard of review and overbreadth);

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir.1975) (same); *Polo Bldg. Group. Inc. v. Rakita (In re Shubov),* 253 B.R. 540, 547 (B.A.P. 9th Cir.2000) (issuer's burden to avoid abuse, and risk taken when a subpoena is issued).

ATS complains that the district court did not expressly say that ATS failed to take reasonable steps, but from the record and from what the district court did say, it is apparent that it so decided.[1] Finally, ATS asserts that some of Spunstrand's expenses came about because of an error committed by the district court itself, but that, too, was connected to ATS' issuance of the subpoena. Alas, it can be foreseen that courts will err from time to time, and, surely, the issuer of the subpoena, rather than the target, should bear the brunt of that.

AFFIRMED.[2] Spunstrand is awarded its costs on appeal.

---

1. We note that ATS does not assert that the amount of the award was based on excessive billing rates or excessive expenditure of time on Spunstrand's part.

2. ATS asks that we expand the record. We see no need so to do and, therefore, deny the motion.