**In re Ronald James MILLER, Debtor.**

No. 00–32499(1)7.

United States Bankruptcy Court, W.D. Kentucky.

May 12, 2005.

---

Christopher T. Kurtz, Louisville, KY, for Debtor.

### *MEMORANDUM–OPINION*

JOAN L. COOPER, Bankruptcy Judge.

This matter is before the Court on Application for Interim Compensation and for Turnover of Bond of counsel for the Trustee, David M. Cantor and the law firm of Seiller & Handmaker, LLP ("Cantor") and the Objection of Defendant Betty Thomas ("Thomas") to Cantor's Request for Turnover of Bond ("Objection"). The Court considered the Motion and Objection, the arguments of the parties at the hearing held March 29, 2005, and the supplemental Memorandum in Support of Application for Interim Compensation and Turnover of Bond filed by Cantor on March 31, 2005. The Court also relied on its own research on the issue at bar. For the following reasons, the Court will DENY Cantor's motion by separate Order.

On June 5, 2002, this Court entered an Order requiring Thomas to "post a full cash bond or corporate security bond in the amount of five thousand dollars ($5,000) for purposes of covering costs and attorney's fees in the event [Thomas] does not prevail on appeal." Thomas contends, despite her unsuccessful appeal, that Cantor is not entitled to the bond to cover attorney's fees incurred by the Trustee in defending Thomas' appeal. Thomas relies on the fact that Cantor's employment was approved by the Court on a contingency fee basis and that Fed. R.App. P. 39 does not include an award of attorney's fees in its definition of "costs" to be taxed by a district court in connection with an appeal.

■ A review of the record demonstrates that while Cantor's employment was approved on a contingency fee basis, Cantor also reserved the right to seek additional fees in connection with any ap-

peal, subject to this Court's approval. Thus, the Order approving Cantor's employment did not bar Cantor from seeking further compensation for work performed on the appeal.

■ Additionally, the Order imposing the bond was not governed by Fed. R.App. P. 39, which as Thomas correctly notes, does not include an award of attorney's fees as "costs of appeal." The Order on the bond at issue was entered in conformity with Rule 7 of the Federal Rules of Appellate Procedure which states:

> ... the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

This Rule leaves the requirement of an appeal bond to the district court's discretion.

■ There is ample authority to support the proposition that a bond issued under Rule 7 may encompass attorney's fees where the underlying cause of action is based on a statute that defines costs to include attorney's fees. *See, e.g. Adsani v. Miller,* 139 F.3d 67 (2 d Cir.1998) (allowing attorney's fees in a copyright infringement action where the underlying statute define costs to include reasonable attorney's fees) and *Pedraza v. United Guar. Corp.,* 313 F.3d 1323 (11th Cir.2002), citing *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

There is also authority to support inclusion of attorney's fees in a bond as a sanction. The Second Circuit affirmed the district court's imposition of a Rule 7 bond which included attorney's fees where the district court implied that the appeal might be frivolous in *Sckolnick v. Harlow,* 820 F.2d 13 (1st Cir.1987). The issue considered in *Sckolnick,* however, is not present in this case.

The Sixth Circuit recently addressed the issue of attorney's fees in *In re Cardizem CD Antitrust Litigation,* 391 F.3d 812 (6th Cir.2004). There, the court held that in statutory actions "costs" that may be included in the appeal bond are defined by the underlying statute. The underlying action in *Cardizem* was based on the Tennessee Consumer Protection Act which required the plaintiff to indemnify the defendant for any damages, including all reasonable attorney's fees upon a finding that the action was frivolous or without merit.

Based on the above authority, this Court believes that a bond under Rule 7 cannot encompass attorney's fees unless the statutory basis for the underlying action provides for such an award. Although the Trustee ultimately prevailed in defending the appeal at issue, the scarcity of authority in this Circuit on the issue leads this Court to find that without an underlying statutory basis for an award of attorney's fees, this Court cannot require turnover of the bond solely to cover attorney's fees.

Accordingly, the Application for Interim Compensation and for Turnover of Bond of counsel for Trustee is **DENIED.** The Bond, however, remains in effect and is subject to further motions for administrative costs and expenses.

## CONCLUSION

For all of the above reasons, the Application for Interim Compensation and for Turnover of Bond of counsel for the Trustee, David M. Cantor and the law firm of Seiller & Handmaker, LLP is **DENIED.**