FILED

JUL 31 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP Nos. CC-13-1513-KuBlPa |
| ) | CC-13-1514-KuBlPa |
| JOAN BORSTEN VIDOV and OLEG ) | (related appeals) |
| VIDOV, ) | |
| Debtors. ) | Bk. No. 12-22121 |
| ) | |
| _____ ) | Adv. No. 12-01017 |
| SOFIA MARSHAK, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| JOAN BORSTEN VIDOV; OLEG ) | |
| VIDOV, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on June 26, 2014
at Pasadena, California

Filed – July 31, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Maureen A. Tighe, Bankruptcy Judge, Presiding

_____

Appearances:    Marc Y. Lazo of Wilson Harvey Browndorf LLP argued
                for appellant Sofia Marshak; Carlos Singer argued
                for appellees Joan Borsten Vidov and Oleg Vidov.

_____

Before: KURTZ, BLUMENSTIEL[**] and PAPPAS, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]The Honorable Hannah L. Blumenstiel, Bankruptcy Judge for the Northern District of California, sitting by designation.

**INTRODUCTION**

Sofia Marshak filed a nondischargeability complaint against debtors Joan Borsten-Vidov and Oleg Vidov under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).[1]  The bankruptcy court granted summary judgment against Marshak.  After the court entered judgment, the Vidovs filed two separate motions, one seeking to recover the attorney's fees they incurred in defending against the complaint and the other seeking an order pursuant to Appellate Rule 7 requiring Marshak to post a bond sufficient to cover their costs and fees on appeal if the Vidovs happened to prevail on appeal.

The bankruptcy court granted both motions, and Marshak appealed.  Because the court's ruling on both motions is based on the erroneous legal premise that the Vidovs were entitled to recover their fees in accordance with a contractual fees provision, we REVERSE.

**FACTS**

The two appeals disposed of in this decision are related to two other appeals, both filed by Marshak, from the bankruptcy court's summary judgment ruling (BAP Nos. CC-13-1421 & CC-13-1466).  In a separate decision filed concurrently herewith, we have disposed of those summary judgment appeals by affirming the bankruptcy court.  The background leading up to Marshak's

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure.  All Civil Rule references are to the Federal Rules of Civil Procedure, and all Appellate Rule references are to the Federal Rules of Appellate Procedure.

adversary proceeding and the bankruptcy court's summary judgment ruling is recited in that separate decision.

Two weeks after the bankruptcy court entered summary judgment against Marshak, the Vidovs filed their attorney's fees motion. The fees motion sought recovery of roughly $68,000 in fees and expenses. The Vidovs claimed they were entitled to recover their fees and expenses under the terms of a settlement agreement they entered into with Marshak in February 2009.[2] The settlement agreement provided in relevant part:

> Attorneys' Fees. Should a lawsuit or arbitration be commenced to interpret or enforce the terms of this Agreement, the prevailing party shall be entitled to recover reasonable costs, reasonable attorney's fees and reasonable expenses in addition to any other recovery to which the party may be entitled.

Settlement Agreement (Feb. 6, 2009) at ¶ 17.7.

A few days after they filed their fees motion, the Vidovs filed their motion asking the bankruptcy court to require Marshak to post a bond pursuant to Appellate Rule 7.[3] The Vidovs asked

---

[2]The Vidovs argued in the alternative that they were entitled to recover their fees under Rule 9011. The bankruptcy court did not award the Vidovs their fees on this alternate ground. On this record, it is apparent that the Vidovs did not comply with the "safe harbor" requirements set forth in Rule 9011(c)(1)(A). Absent compliance with these requirements, it would have been improper for the bankruptcy court to permit the Vidovs to recover their fees based on Rule 9011. See Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998); Polo Bldg. Grp., Inc. v. Rakita (In re Shubov), 253 B.R. 540, 545-46 (9th Cir. BAP 2000), partially disapproved of on other grounds, Mount Hope Church v. Bash Back!, 705 F.3d 418, 427 (9th Cir. 2012).

[3]Appellate Rule 7 provides in relevant part:

In a civil case, the district court may require an

continue...

3

the bankruptcy court to impose a bond requirement sufficient to cover their anticipated attorney's fees and expenses on appeal in the estimated amount of $40,000, as well as to secure payment of the $68,000 in fees already incurred in defending against Marshak's exception to discharge complaint. The Vidovs further claimed that, in accordance with Appellate Rule 38,[4] the bankruptcy court should then double the sum of these two amounts for a total of $216,000.

The imposition of this bond requirement, the Vidovs contended, was appropriate because of the large amount of attorney's fees Marshak had forced the Vidovs to incur in defending against Marshak's meritless litigation. In particular, the Vidovs pointed to the bankruptcy court's determination in its summary judgment ruling that Marshak had produced little or no evidence to support any of her nondischargeability claims.

Marshak filed a short response opposing both motions. In essence, Marshak asserted that both motions should be denied because the contractual fees provision the Vidovs were relying upon did not cover either her nondischargeability lawsuit or her appeal from the summary judgment ruling.

---

[3]...continue
appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

[4]Appellate Rule 38 provides:

If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

4

The Vidovs then filed a reply, in which they pointed out that attorney's fees can be included in costs for purposes of imposing an Appellate Rule 7 bond if there is some applicable fee-shifting statute making such fees recoverable as costs. According to the Vidovs, § 1717 of California's Civil Code ("Cal. Civ. Code § 1717") applied to Marshak's exception to discharge action and explicitly provided for the taxation of attorney's fees as costs.[5]

The bankruptcy court held a hearing and ruled on each motion in favor of the Vidovs. Even though Marshak's exception to discharge complaint alleged claims sounding in fraud and conversion, the bankruptcy court held that the Vidovs were entitled to recover their fees in accordance with the settlement agreement's fee provision because the underlying dispute between the parties arose out of the settlement agreement and because, in the court's view, Marshak's grievances could be properly

---

[5]Cal. Civ. Code § 1717(a) provides in part:

**In any action on a contract**, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

\* \* \*

Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

(Emphasis added.)

5

characterized as breach-of-contract type grievances.

As for the bond motion, the bankruptcy court held that it could impose a bond requirement to cover attorney's fees as long as there was an applicable fee shifting provision permitting the recovery of fees as costs. The bankruptcy court opined that it was appropriate in this instance to require Marshak to post a $60,000 bond. The bankruptcy court did not identify which fee shifting statute was applicable, nor did it explain how it calculated the bond amount.

The bankruptcy court also did not identify what specific criteria it had considered in imposing the bond requirement. However, it did hold that the bond was necessary in order to ensure that the Vidovs would not be further harmed in their reorganization efforts by having to incur additional attorney's fees defending against Marshak's serious but wholly unsupported accusations. Furthermore, the court characterized the $60,000 bond amount as "minor" and stated that Marshak's (or her counsel's) actions in the litigation had been "very abusive and harassing."

The bankruptcy court signed and filed on October 2, 2013, "notices of tentative ruling" pursuant to which the bankruptcy court manifested its intent to fully and finally dispose of both the fees motion and the bond motion. See Brown v. Wilshire Credit Corp. (In re Brown), 484 F.3d 1116, 1120 (9th Cir. 2007) (holding that a bankruptcy court disposition is final for appeal purposes if it fully adjudicates the issues at bar and clearly manifests the judge's intent that it be the court's final act in the matter; Mullen v. Hamlin (In re Hamlin), 465 B.R. 863, 868

6

(9th Cir. BAP 2012) (same). On October 16, 2013, Marshak timely filed notices of appeal from both orders.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I), and we have appellate jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1. Did the bankruptcy court abuse its discretion in granting the Vidovs' fees motion?

2. Did the bankruptcy court abuse its discretion in granting the Vidovs' bond motion?

**STANDARDS OF REVIEW**

We review the bankruptcy court's determination regarding an award of attorney's fees for an abuse of discretion. Fry v. Dinan (In re Dinan), 448 B.R. 775, 783 (9th Cir. BAP 2011). We similarly review the bankruptcy court's decision to impose a bond under Appellate Rule 7. See Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 955 (9th Cir. 2007).

Under the abuse of discretion standard of review, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). And if the bankruptcy court applied the correct legal rule, we then determine whether the court's factual findings were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. (internal quotation marks omitted).

7

**DISCUSSION**

Ordinarily, absent an applicable statutory or contractual provision providing for fees, each litigant must pay their own attorney's fees regardless of who prevails. Traveler's Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007). This is known as the "American Rule" and it applies in bankruptcy cases. Id. Absent a contrary provision in the Bankruptcy Code, we look to applicable non-bankruptcy law to determine whether a prevailing party has any right to recover its attorney's fees. See id. at 450-51; In re Dinan, 448 B.R. at 785.

Here, it is undisputed that the applicable non-bankruptcy law is California law. California similarly follows the American Rule. See Santisas v. Goodin, 17 Cal. 4th 599, 607 n.4 (1998). But California also permits parties to depart from the American Rule by contractual provision. Id. In California, no less than three distinct statutes govern contractual fees provisions. California Code of Civil Procedure § 1021 ("CCP § 1021") acknowledges the parties' right to contract for the recovery of attorney's fees. Meanwhile, California Code of Civil Procedure § 1033.5 ("CCP § 1033.5") dictates that attorney's fees are treated as an element of costs when a statute or contract provides for their recovery. And finally, in contract actions, Cal. Civ. Code § 1717 entitles the prevailing party to recover its fees based on a contractual fees provision even if that provision on its face only entitles the other party to the contract to recover its fees. Santisas, 17 Cal. 4th at 602. In other words, Cal. Civ. Code § 1717 turns unilateral fees

8

provisions into reciprocal fees provisions by operation of law.

Under California law, just because a contract has an attorney's fees provision does not mean that the prevailing party in litigation automatically is entitled to recover its fees in any type of legal action. Rather, the contractual fees provision must be construed like any other contract term. See Santisas, 17 Cal.4th at 608. Accord, Exxess Electronixx v. Heger Realty Corp., 64 Cal. App. 4th 698, 708-09 (1998); Patterson v. Rogers (In re Rogers), 2011 WL 7145722, at **11-12 (9th Cir. BAP 2011). As explained in Santisas, the specific language of the contractual fees provision typically controls the scope and reach of the entitlement to recover fees, and that language ordinarily must be interpreted in accordance with its plain and unambiguous meaning. Santisas, 17 Cal. 4th at 608.

Here, the contractual fees provision upon which the Vidovs and the bankruptcy court relied is not broad enough to support the bankruptcy court's fee award. A number of courts already have held that, under California law, a contractual fees provision like the one here entitling the prevailing party to recover fees in an action to "interpret" or "enforce" a contract does not cover tort claims. See, e.g., Casella v. SouthWest Dealer Servs., Inc., 157 Cal. App. 4th 1127, 1161-62 (2007); Redwood Theaters, Inc. v. Davison (In re Davison), 289 B.R. 716, 724-25 (9th Cir. BAP 2003); Exxess Electronixx, 64 Cal. App. 4th at 708-09 (1998).

The bankruptcy court characterized Marshak's exception to discharge claims as breach of contract claims. We cannot agree with this characterization. In her nondischargeability action,

9

Marshak alleged several different species of fraud by way of her § 523(a)(2)(A) claim. As we explained in In re Davison, § 523(a)(2)(A) fraud claims sound in tort and not in contract under California law. Id. at 724. The same is true of Marshak's § 523(a)(6) conversion claim. Section 523(a)(6) claims for willful and malicious injury sound in tort and not in contract. See Kawaauhau v. Geiger, 523 U.S. 57, 60-61 (1998) (holding that § 523(a)(6)'s discharge exception is confined to debts based on intentional tort); Lockerby v. Sierra, 535 F.3d 1038, 1041 & n.2 (9th Cir. 2008) (stating that tortious conduct is required for § 523(a)(6) to apply).

California law further supports our characterization of Marshak's § 523(a)(6) conversion claim as a tort claim. In California, conversion actions may arise from contractual obligations, but an action for conversion nonetheless still sounds in tort and not in contract. See Del Bino v. Bailey (In re Bailey), 197 F.3d 997, 1000–01 (9th Cir. 1999) (interpreting California law); see also Hillco Inc. v. Stein, 82 Cal. App. 3d 322, 327 (1978) ("It is obvious that the first two causes of action in the original complaint, namely those for fraud and conversion, sound only in tort.").

If there had been broader language in the settlement agreement's fees provision, something indicating an entitlement to recover fees in actions "arising out of" or "related to" the settlement agreement, then at least some of Marshak's fraud and conversion allegations may have implicated the fees provision. See Santisas, 17 Cal. 4th at 608 (holding that fees provision with "arising out of" language was broad enough to cover both

10

tort and contract claims).  For instance, Marshak alleged that the Vidovs falsely promised in the settlement agreement, with no intent to perform, the timely payment of certain mortgage debt. This allegation properly could be characterized as a fraud claim "arising out of" the contract.  However, this allegation is still fraud-based, sounds in tort, and hence is beyond the scope of the narrower "interpret" or "enforce" language actually used in the settlement agreement's fees provision.

At bottom, Marshak's exception to discharge claims were all based on tort, and the fees provision in the settlement agreement was not broad enough to cover tort claims.  Furthermore, the relevant California statutes (Cal. Civ. Code § 1717, CCP § 1021 and CCP § 1033.5) do not allow the recovery or shifting of fees absent an explicit statutory or contractual provision.  Put another way, none of these statutes permit a prevailing party to recover fees incurred in an action that is beyond the scope of the unambiguous terms of a contractual fees provision.

Under these circumstances, the bankruptcy court abused its discretion by awarding the Vidovs attorney's fees.  The bankruptcy court, as a matter of law, misconstrued the plain language of the settlement agreement's fees provision. See United States v. 1.377 Acres of Land, 352 F.3d 1259, 1264 (9th Cir. 2003) (citing California law and stating that the interpretation of a contract is a question of law when that interpretation is based on the clear and explicit language of the contract itself).  This error of law directly led to the bankruptcy court's erroneous fee award and must be reversed.

The bankruptcy court's order requiring Marshak to post a

11

bond suffers from the same legal defect. That order was based on the same erroneous legal determination that the Vidovs were entitled under the settlement agreement's fees provision to recover their attorney's fees. In the absence of applicable contractual or statutory provisions entitling the appellee to recover its fees as costs, a bond pursuant to Appellate Rule 7 may not provide for the recovery of attorney's fees. See Azizian, 499 F.3d at 959-60.

The bankruptcy court's bond ruling has a second legal defect. The bankruptcy court relied on Appellate Rule 7, but this rule only applies to appeals from a district court to the court of appeals and only authorizes a district court to order the posting of such a bond. There is no bankruptcy rule making Appellate Rule 7 applicable to bankruptcy courts presiding over adversary proceedings.

The bankruptcy court did not identify any legal grounds authorizing it to invoke Appellate Rule 7 nor are we aware of any. We have searched for precedent indicating that a bankruptcy court has authority under Appellate Rule 7 to impose a bond, and we only found one decision. See In re Miller, 325 B.R. 178, 180 (Bankr. W.D. Ky. 2005). We do not consider In re Miller persuasive. That decision did not offer any analysis explaining why a bankruptcy court might be able to apply Appellate Rule 7. Moreover, In re Miller's application of Appellate Rule 7 seems inconsistent with Ninth Circuit law. See Vasseli v. Wells Fargo Bank, N.A. (In re Vasseli), 5 F.3d 351, 353 (9th Cir. 1993). Vasseli stands for the proposition that an Appellate Rule authorizing a federal court of appeals to take certain action

12

does not permit the bankruptcy court to take that action. <u>See id.</u>; <u>see also</u> <u>In re T. R. Acquisition Corp v. Marx Realty & Improvement Co. (In re T. R. Acquisition Corp.)</u>, 1997 WL 528156, at *1 n.1 (S.D.N.Y. 1997) (stating that Appellate Rule 7 only permits the imposition of a bond pending an appeal to the court of appeals).

Based on both of the above-referenced legal defects, the bankruptcy court's bond order was erroneous and must be reversed.

**CONCLUSION**

For the reasons set forth above, we REVERSE both the bankruptcy court's fees order as well as its bond order.

13