TUTOR–SALIBA CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant.

Nos. 92–581C, 93–155C.

United States Court of Federal Claims.

Jan. 6, 1995.

See also 30 Fed.Cl. 155.

Nomi L. Castle, Los Angeles, CA, for plaintiff.

Harold D. Lester, Jr., Dept. of Justice, Civ. Div., for defendant.

Bruce M. Cohen, Marina del Rey, CA, for non-party, Ellerbe Becket, Inc.

### Amended Order [1]

WEINSTEIN, Judge.

Nonparty Ellerbe Becket, Inc. ("EBI") has moved for an award of costs that it claims were incurred responding to a subpoena served upon it by plaintiff Tutor–Saliba Corporation ("TSC"). EBI was the architect of the federal office building in Los Angeles, California that was the subject of a construction contract awarded to TSC.

On or about July 19, 1993, TSC served EBI with a subpoena requiring the production of documents relating to the building project. EBI resisted timely compliance with the subpoena for some time, while TSC's and EBI's counsel negotiated at great

1. The order, initially issued November 28, 1994, is being reissued for publication and has been amended to correct printing errors (including an omission and a duplication of several lines of text on pages 3 and 4 of the original order) as well as for purposes of clarification, e.g., *infra*, n. 2. These changes do not affect the final result of the order.

length the terms of an agreement to govern the conduct of this discovery. (Basically, TSC agreed to view and tab EBI's documents at its premises. EBI agreed to review the tabbed material for privileged documents, and they both agreed that TSC would perform the copying at its own expense.) EBI requested payment of its costs, but never identified or quantified such costs. TSC never agreed that production costs were compensable. When EBI insisted upon adding a payment provision to the discovery agreement, TSC refused to any agreement and threatened to file a motion to compel.[2] EBI then furnished the documents covered by the subpoena. In light of plaintiff's supplemental declaration of November 10 revising its cost request, EBI now seeks $39,008.21 as the cost of complying with the subpoena.[3] For reasons discussed below, the motion is denied.

■ The Rules of the Court of Federal Claims ("RCFC") provide certain protections to nonparties subject to subpoenas. *See* RCFC 45(c) ("Protection of Persons Subject to Subpoenas.").[4] Specifically, RCFC 45(c)(1) imposes a responsibility on the party serving the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." The court is required to "enforce this duty

and impose upon the party or attorney in breach … an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee." RCFC 45(c)(1).[5]

RCFC 45(c)(2)(B) allows a person commanded to produce and permit inspection and copying of documents to object to the subpoena within a maximum time of 14 days after service. Once objection is made, the party serving the subpoena is not entitled to inspect or copy the documents except pursuant to a court order granting a motion to compel production. *Id.* Furthermore, when issuing an order to compel production, the court "shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded," *id.*, and shall quash or modify the subpoena if it is unreasonable or unduly burdensome or requires disclosure of certain privileged matters. RCFC 45(c)(3)(A).

■ The court's rules thus expressly provide that a nonparty may be reimbursed for complying with expensive or unduly burdensome discovery requests. *See In re Letters Rogatory,* 144 F.R.D. 272, 278 (E.D.Pa.1992);

---

**2.** By letter dated July 20, 1993, within 14 days of service, EBI indicated its intention to comply with the subpoena and "discuss appropriate reimbursement for [its] time and expenses" *after* TSC's "general" initial review of the documents. This communication does not condition compliance on payment nor otherwise place TSC on notice that it needed to seek an order to compel to obtain compliance.

Indeed the first (August 26, 1993) draft of the agreement, prepared by EBI, does not mention payment of any costs other than for photocopying, which TSC in fact has paid. EBI's cover letter also did not suggest that compliance was predicated on payment of additional expenses, nor identify such expenses, nor state why they were deemed unreasonable. It merely asked for TSC's "comments" on the reimbursement issue.

**3.** The costs claimed by EBI consist almost entirely of attorneys' fees allegedly incurred by EBI's outside counsel in negotiating the terms of discovery and determining EBI's defenses to the subpoena ($14,805.81), the costs for renting the office space where files were reviewed ($5,628), and personnel expenses ($18,387.32).

**4.** RCFC 45 was revised in 1992 to conform with changes made in the Federal Rules of Civil Pro-

cedure in 1991. In interpreting its rules, the court looks to the general federal law interpreting analogous provisions of the Federal Rules of Civil Procedure. *See Widdoss v. Secretary of Dep't of Health & Human Servs.,* 989 F.2d 1170, 1178 n. 7 (Fed.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993).

**5.** The purview of rule 45(c)(1), imposing additional duties on parties and attorneys, has been held to be limited to court imposition of sanctions, for abuse of process, not for award of excessive expenses. *See Angell v. Shawmut Bank Connecticut Nat'l Ass'n* 153 F.R.D. 585, 588–89 (M.D.N.C. (1994)). In any event, there is nothing in EBI's motion to suggest that TSC and its counsel did not "take reasonable steps to avoid imposing undue burden or expense" on EBI. On the contrary, the terms of the draft stipulation agreement negotiated by TSC and EBI that TSC appeared to find unobjectionable placed much of the usual burdens of discovery (*e.g.,* searching and copying costs) on TSC. Moreover, unlike many nonparties, EBI was substantially involved in the underlying transaction and could have anticipated that the contract on which it was a subcontractor might, given its size, reasonably spawn some litigation, and discovery of EBI.

*cf. Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (noting that rule 45 affords nonparties special protections against the time and expense of complying with subpoenas).

However, to be eligible for an award under RCFC 45(c)(2), the award must be a condition of the court's issuance of an order compelling production by the nonparty, which would not occur unless the nonparty had filed a motion to quash or, having served written objections upon the party or attorney requesting production, the party sought an order to compel. *See* RCFC 45(c)(2)(B). *Cf. Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 265 (D.Del.1992). As RCFC 45 is structured, the cost award must be included in an order compelling production, which is issued only after the person served has objected to the subpoena. The case law also uniformly holds that, to preserve its ability to seek costs, other than in abuse of process circumstances under RCFC 45(c)(1), *see supra*, n. 3, a nonparty must move to quash the subpoena or otherwise indicate its intention to seek costs before, and as a condition of, responding. *E.g., Angell*, 153 F.R.D. at 590.

In *Angell*, a nonparty filed a motion to require a bank that was a party in the main proceeding to pay the nonparty's costs of complying with the bank's subpoenas. Although the court ordered the payment of these costs, this was based on a private agreement between the parties regarding costs, not solely on rule 45. Rather, the court noted: "If the instant situation were merely one where petitioners had complied with the subpoenas without filing an objection and then submitted a bill of costs, the court would deny the motion because the petitioners would have waived their right to complain about the undue burden of the subpoena." *Id.* The court explained that, under rule 45(c)(2)(B), a person seeking reimbursement has a duty to make an objection within fourteen days or file a motion to quash or modify the subpoena pursuant to RCFC 45(c)(3)(A). *Id.*

The cases EBI cites in support of its motion are not to the contrary. In *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir.1982), *cert. denied*, 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982), the Ninth Circuit held that a nonparty was permitted to seek costs after complying with the subpoena.[6] However, in so holding, the court noted that the nonparty originally had timely moved to quash the subpoena and had expressly reserved its right to seek reimbursement of discovery costs if production were ordered. In *SEC v. Arthur Young & Co.*, 584 F.2d 1018 (D.C.Cir. 1978), *cert. denied*, 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979) the court also awarded costs, but there too the nonparty had refused to comply, based on the illegality of the subpoena and its undue burden, within 10 days of being served and before the return date of the subpoena.

The new version of RCFC 45 arguably has made it easier for a nonparty to recover discovery costs. A person now has fourteen days within which to object to the subpoena, as opposed to the previous time limit of ten days. *See* RCFC 45(c)(2)(B); *Angell*, 153 F.R.D. at 590. In addition, the new rule expressly provides that, when a court orders

---

**6.** *Columbia Broadcasting* involved the earlier version of Rule 45 of the Federal Rules of Civil Procedure which provided, in pertinent part:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.

Fed.R.Civ.P. 45(b) (1990).

The person to whom the subpoena is directed may, within 10 days after the service ... [and before the time set for compliance] serve ... written objection.... If objection is made the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court.... The party serving the subpoena may, if objection has been made, move ... for an order....

Fed.R.Civ.P. 45(d)(1) (1990). For a discussion of the changes made in Rule 45 and their effect on the award of discovery costs see generally *Standard Chlorine*, 821 F.Supp. at 262–65.

a nonparty to comply with a subpoena, it must protect the nonparty from significant expense; previously, this action was merely discretionary. *See In re Exxon Valdez,* 142 F.R.D. 380, 383 (D.D.C.1992). Finally, "accompanying the evolution of th[e] power of the lawyer to [issue subpoenas]," the new rule imposes "increased responsibility and liability for the misuse of this power." Fed. R.Civ.P. 45 advisory committee's note (discussing rule 45(c)). However, none of these changes alters the underlying requirement that a nonparty must timely object to the subpoena or request costs as a condition of compliance in order to preserve the right to seek reimbursement costs. This requirement to give notice when or before the objected to action is taken also is imposed upon parties. *Cf.* RCFC 46 (not requiring formal exceptions to preserve an objection, provided that a party "makes known to the court" the action the party desires at the time a ruling or order is made or sought).

■ When it was served with the subpoena, EBI did not object to compliance and did not make any effort to indicate it would be seeking reimbursement costs as a condition of compliance. EBI did not move to quash or modify the subpoena pursuant to RCFC 45(c)(3)(A). Nor did it object in writing to compliance as unreasonable, as provided by RCFC 45(c)(2)(B), so as to force the plaintiff to obtain a court order compelling production. Thus, as a consequence of its own failure to take appropriate actions, EBI is precluded from recovery its discovery costs.[7] The motion is denied.

---

7. Having ruled on this basis, the court does not reach the question of whether the costs alleged are reasonable or whether some costs, *e.g.* attorneys' fees (a substantial portion of the claim, which were in large part devoted to discussions between counsel regarding a stipulated agreement that could have been avoided by a motion to quash or written objections requiring TSC to seek a motion to compel), are recoverable at all.