**HIGH TECH MEDICAL INSTRUMENTATION, INC., Plaintiff,**

v.

**NEW IMAGE INDUSTRIES, INC., Defendant.**

**No. C–93–4152 SBA (PJH).**

United States District Court, N.D. California.

March 17, 1995.

Stephen J. Akerley, Cartwright Slobodin Bokelman Borowsky Wartnick Moore & Harris, San Francisco, CA.

Robert L. Anderson, Berg Ziegler Anderson & Parker, San Francisco, CA.

Michael A. Molano and Mark E. Miller, Fliesler Dubb Meyer & Lovejoy, San Francisco, CA.

Merrill G. Emerick, Anderlini, Guheen, Finkelstein, Emerick & McSweeney, San Mateo, CA.

Walter W. O'Hare, Hosie, Wes, McLaughlin & Sacks, San Francisco, CA.

A. James Isbester, Townsend Townsend Khourie & Crew, San Francisco, CA.

Jack L. Slobodin and Shelley K. Wessels, Fish & Richardson, P.C., Menlo Park, CA.

## ORDER RE: THIRD PARTY'S MOTION FOR FEES PURSUANT TO FED.R.CIV.PRO. 45

HAMILTON, United States Magistrate Judge.

The third party, Townsend and Townsend Khourie and Crew's ("Townsend") motion for fees pursuant to Fed.R.Civ.Pro. 45 was heard on March 3, 1995. Jennifer Pizer appeared on behalf of Townsend. Michael Molano appeared on behalf of defendant New Image Industries, Inc. ("New Image"). Having heard the parties' arguments and read their briefs, this court orders as follows.

## I. INTRODUCTION

Plaintiff, High Tech Medical Instrumentation ("HTMI"), holder of U.S. Patent No. 4,858,001 ("'001 Patent") and Reexamination Certificate No. B1 4,858,001 ("Reexamination Certificate '001") filed this suit for infringement of the Reexamination Certificate '001 by defendant's AcuCam camera. Defendant counterclaimed that the '001 Patent was invalid due to plaintiff's inequitable conduct before the U.S. Patent and Trademark Office ("PTO").

In pursuance of its counterclaim, on September 13, 1994, defendant executed a subpoena duces tecum upon plaintiff's patent counsel, Townsend. Townsend objected to the scope of the subpoena and requested that it be permitted to simply retrieve the responsive files from storage and deliver them to plaintiff's litigation counsel for review and production. Defendant refused to alter the scope of the subpoena and only permitted Townsend to transfer those documents withheld on the grounds of privilege in order that litigation counsel might produce a privilege log. Townsend produced in excess of 700 pages of documents in response to the subpoena. Townsend withheld further responsive documents, claiming the attorney-client privilege and work product doctrine. Townsend then transferred the withheld documents to plaintiff's litigation counsel for production of a privilege log. As a third party to the present litigation, Townsend filed the present motion for fees pursuant to Fed. R.Civ.Pro. 45 on the grounds that the subpoena was unduly burdensome.

## II. PARTIES' ARGUMENTS

Townsend contends that defendant failed in its duty under Fed.R.Civ.Pro. 45(c)(1) to "take reasonable steps to avoid imposing undue burden or expense on" it. Specifically, it argues that the subpoena in question required Townsend to produce virtually every piece of paper it had ever generated with regard to plaintiff. This entailed reviewing documents from eight matters in which Townsend represented HTMI, amounting to more than 2,000 pages. Moreover, upon receipt of the subpoena, Townsend objected to its scope and the burden it imposed. It requested that the subpoena be narrowed or that its burden be relieved by allowing it to deliver all the responsive files to HTMI's litigation counsel for review and production. Defendant refused both requests, with the sole exception of permitting HTMI's litigation counsel to compile the privilege log for withheld documents. Accordingly, it did not take reasonable steps to avoid an undue burden on Townsend.

Defendant disagrees. Moreover, it contends that sanctions are inappropriate in the instant case because the issuance of Fed. R.Civ.P. 45(c)(1) sanctions is limited to the tort of abuse of process. For support it cites to *Tutor–Saliba Corp. v. United States,* 32 Fed.Cl. 609, 611–12 (1995) and *Angell v. Shawmut Bank Connecticut Nat. Ass'n,* 153 F.R.D. 585, 589 (M.D.N.C.1994). It argues that Townsend has failed to satisfy the elements of this tort, and thus is not entitled to sanctions. Additionally, defendant argues, and this court so finds, that the documents it requested are relevant and not available from HTMI or the PTO.

## III. DISCUSSION

Preliminarily, this court notes that Townsend is not a "classic" third party in

this case. It has served as HTMI's patent counsel for a number of years and the defendant's counterclaim of inequitable conduct reflects directly upon Townsend's reputation. However, Townsend is *not* representing HTMI in the present litigation. Moreover, Fed.R.Civ.Pro. 45 was amended in 1991 in order to "clarify and enlarge the protections afforded persons who are required to assist the court by giving information or evidence...." Fed.R.Civ.Pro. 45 Advisory Committee's Note. Accordingly, this court finds that Townsend may seek sanctions pursuant to Fed.R.Civ.Pro. 45.

Fed.R.Civ.Pro. 45(c)(1) provides:

A party or an attorney responsible for the issuance of and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

Additionally, the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts. The court explained its position as follows:

Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party.... [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party.

*United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir.1982) (footnotes omitted). In light of this circuit's stance on unnecessarily burdening nonparties with discovery requests, in combination with the express language of Rule 45(c)(1), this court disagrees with defendant that Townsend must establish the tort of abuse of process before it can be awarded sanctions pursuant to Fed.R.Civ.Pro. 45(c)(1). Both the language of Rule 45(c)(1) and that of the Ninth Circuit in *C.B.S.* make it clear that sanctions are appropriate if the subpoenaing party fails to take reasonable steps to avoid imposing an undue burden on a third party. In the instant case, the court finds the existence of such a failure. It was unreasonable for defendant to insist that Townsend review and produce all responsive documents without allowing it to deliver the files to HTMI's litigation counsel. Accordingly, sanctions are appropriate.[1]

## IV. CALCULATION OF FEES

■ Townsend reports the time spent on responding to the subpoena as follows:

| | |
|---|---|
| Anthony B. Diepenbrock | 6.40 hours ($300/hr) |
| A. James Isbester | 2.10 hours ($220/hr) |
| Harry J. Macey | 3.70 hours ($185/hr) |
| Gianine C. Colarusso | 7.00 hours ($105/hr) |
| Sophia X. Lee | 19.30 hours ($105/hr) |

Exh. B to Declar. of A. James Isbester in support of Motion for Fees Pursuant to Fed. R.Civ.Pro. 45 at 3. Townsend recognizes that much of the time spent in review of the documents was excessive due to the fact that the most knowledgeable attorneys on these matters were no longer with the firm. Consequently, it only seeks compensation for one-half the time spent by senior partner Anthony Diepenbrock and no compensation for any time spent by associate attorney Harry J. Macey. It does, however, seek compensation for the entire time spent on the subpoena by its paralegals, Gianine C. Colarusso and Sophia X. Lee. It also seeks fees for bringing the present motion: $1,100.00 for the moving papers and $1,250.00 for the reply brief. Thus, the total amount of compensation and fees requested is $6,533.50.

1. This court is cognizant of the fact that Fed. R.Civ.Pro. 45 sets out a procedure permitting the recipient of a subpoena to object and require the requesting party to move to compel production. The rule also permits the recipient to move to quash the subpoena. Townsend did neither because it was more expedient to simply produce the documents as they were relevant and would have been ordered to be produced anyway. This court finds Townsend's response to have been entirely reasonable and consistent with the underlying purpose of the amended rule.

At the hearing, defendant objected to Townsend's calculation of fees at the billing rate for its employees. Defendant proffered that they should only be liable for the *actual* costs of complying with the subpoena and not the profit margin that is included in billing rates. Defendant cited no authority for its position.

Rule 45(c)(1) expressly states that the sanction that a court may impose on a party in these circumstances "... may include, but is not limited to, lost earnings and a reasonable attorney's fee." Therefore, this court finds that Townsend's calculation of fees at their normal billing rate is entirely reasonable. Furthermore, the Advisory Committee Notes for Fed.R.Civ.Pro. 45 provide that "[t]he liability may include the cost of fees to collect attorneys' fees owed as a result of a breach of this duty." Thus, Townsend is also entitled to the fees incurred in bringing the current motion.

## V.   CONCLUSION

Townsend's motion for fees pursuant to Fed.R.Civ.Pro. 45 is GRANTED. Townsend shall recover, from defendant, attorney's fees in the amount of $6,533.00.

IT IS SO ORDERED.