**R.J. REYNOLDS TOBACCO,**

v.

**PHILIP MORRIS, INC., Philip Morris, Incorporated WaWa, Inc., Appellant.**

**No. 00–4226.**

United States Court of Appeals, Third Circuit.

Argued Jan. 17, 2002.

Filed Feb. 28, 2002.

Nicholas J. Lisi, Jason Miles Levien, (Argued), Padova & Lisi, Philadelphia, PA, for Appellee.

Robert G. Devine, (Argued), Michael W. Horner, White & Williams, Westmont, NJ, for Appellant.

Before ALITO and ROTH, Circuit Judges SCHWARZER *, District Judge.

## OPINION

ROTH, Circuit Judge.

Wawa, a non-party and retail distributor of defendant Phillip Morris's tobacco products, appeals two discovery orders issued by the District Court for the Eastern District of Pennsylvania. The first order, entered on November 15, 2000, directed Wawa to produce certain documents requested in plaintiff R.J. Reynolds' subpoena. The second order, entered on November 20, 2000, directed Wawa to pay its own expenses in complying with the subpoena. We will affirm the first order and reverse the second.

### JURISDICTION AND STANDARD OF REVIEW

■ As a non-party, Wawa cannot appeal the District Court's orders at the conclusion of R.J. Reynolds' suit against Phillip Morris in North Carolina. Thus, these orders are final orders over which we have appellate jurisdiction. 28 U.S.C. § 1291; *In re: Mark Madden,* 151 F.3d 125, 127 (3d Cir.1998). Our standard of review is whether the District Court abused its discretion. James Wm. Moore, 9 Moore's Federal Practice § 45.04[8][b] (3d ed.2001).

### NOVEMBER 15 ORDER

R.J. Reynolds' subpoena requests documents and information concerning Wawa's

---

* Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

cigarette business, especially its dealings with Phillip Morris and Phillip Morris's Retail Leaders Program. The documents and information that R.J. Reynolds seeks under this subpoena are subject to a protective order entered in the North Carolina action. The protective order provides that the "information and documents provided shall be used only for purposes of the instant litigation and shall not be otherwise disclosed." Nevertheless, Wawa refused to produce certain documents requested by R.J. Reynolds on the ground that they are privileged trade secrets.

■ Wawa advances two main arguments on appeal. First, it argues that R.J. Reynolds' subpoena exceeds the scope of relevant discovery permitted under Fed. R.Civ.P. 26(b)(1). Although the Federal Rule governing subpoenas is Rule 45, and not Rule 26, it is not necessary to resolve this distinction here. R.J. Reynolds' subpoena meets the requirements of Rule 26 in any event. Rule 26(b)(1) allows discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party." Here, R.J. Reynolds has requested documents related to Wawa's retail cigarette business and dealings with Phillip Morris. This information plainly relates to R.J. Reynolds' antitrust claims challenging Phillip Morris's Retail Leaders program.

■ Second, Wawa argues that its documents are privileged as trade secrets and, thus, not obtainable under Fed.R.Civ.P. 45(c)(3)(B)(i). Wawa has the burden of establishing that its documents are privileged. See Charles Alan Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. § 2458 (1995); Fed.R.Civ.P. 45(d)(2) (when information subject to a subpoena is withheld under a claim of privilege, it must be supported by a sufficient description of the nature of the documents produced). Although Wawa has assembled a privilege log listing certain documents as trade secrets, the skeletal descriptions in its privilege log do not support a trade secret privilege for many documents. See, e.g. A118 (listing "various daily log entries" as trade secrets); A119 (listing "interoffice emails" with "various" authors and "various" addressees as trade secrets); A121 (listing "various miscell. Wawa notes/correspondence" as trade secrets).

Even if Wawa's privilege log did establish that certain documents were trade secrets, however, Wawa's argument would still fail. This is because Wawa cannot meet the additional showing of good cause for restricting dissemination on the ground that it would be harmed by its disclosures. Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 Fed. Prac. & Proc. § 2043 (1994). The disclosure required by R.J. Reynolds' subpoena would be made under the limitations of the protective order entered in North Carolina. That order restricts the use of information gained from Wawa to the pending antitrust and unfair trade practices litigation between R.J. Reynolds, Phillip Morris and other tobacco producers. In light of this protective order, Wawa has not presented sufficient showing of harm to establish that the District Court abused its discretion in ordering production.

Therefore, we find that the District Court did not abuse its discretion in requiring Wawa to comply with R.J. Reynolds' subpoena.

## NOVEMBER 20 ORDER

■ The District Court also denied Wawa fees and costs incurred as a result of its compliance with R.J. Reynolds' subpoena. We find that the court abused its discretion when it summarily denied compensation without considering evidence of the expenses Wawa incurred.

Fed.R.Civ.P. 45(c)(2)(B) imposes mandatory fee shifting and directs the court to

"protect" a nonparty from "significant expense resulting from inspection and copying commanded." Thus, district courts must determine whether the subpoena imposes expenses on a non-party and whether those expenses are significant. *James Wm. Moore*, 9 Moore's Federal Practice § 45.04[2] (3d ed.2001). Significant expenses must be borne by the party seeking discovery. *Id.* The District Court abused its discretion when it denied Wawa compensation without determining the existence and magnitude of Wawa's expenses.

## CONCLUSION

We will affirm the District Court's November 15, 2000, order requiring Wawa to comply with R.J. Reynolds' subpoena. We will reverse the District Court's November 20, 2000, order and remand this case to the District Court to make findings regarding Wawa's expenses and to award any expenses required by Fed.R.Civ.P. 45(c)(2)(B).