Daniel MCCABE, Russell E. McCabe, and David Motovidlak, Plaintiffs,

v.

ERNST & YOUNG, LLP, Defendant.

No. CIV.A.01–5747(WHW).

United States District Court, D. New Jersey.

April 27, 2004.

Steven Kaplan, Kaplan & Levenson, LLP, New York City, for Plaintiffs.

Richard Beran, McCarter & English, LLP, Newark, NJ, for Movants.

## OPINION

WIGENTON, United States Magistrate Judge.

Vertex Interactive, Inc. ("Vertex"), Nicholas Toms, Donald Rowley, Raymond Broek, Barbara Martorano, Joseph Robinson, Wayne Clevenger [1] and Jeffrey Marks, Esq.[2] (collectively, the "Movants"), seek counsel fees, pursuant to *Fed.R.Civ.P.* 45(c)(2)(B), incurred in complying with subpoenas served by plaintiffs Daniel McCabe, *et al.* ("Plaintiffs"). Plaintiffs have opposed the Motion. The Court decides the Motion based upon the written submissions of the parties pursuant to *Fed.R.Civ.P.* 78. For the reasons set forth below, the Motion is denied.

*Background*

When this case was commenced in December 2001, the Movants [3] and E & Y were defendants, and Vertex was a respondent in a related parallel arbitration before the American Arbitration Association.[4] Thereafter, the Movants and E & Y moved to dismiss the Amended Complaint. In December 2002, before the motions to dismiss were decided, Plaintiffs entered into a settlement agreement with the Movants. Under the terms of the settlement agreement, Plaintiffs agreed to dismiss, with prejudice, all claims against the Movants in exchange for a substantial monetary sum. The settlement agreement further provided that the Movants would produce documents, notwithstanding the settlement, as the case continued against non-settling E & Y. There is no provision in the settlement agreement for Plaintiffs to pay for counsel fees that may be

---

1. These individuals are or were officers, directors and/or employees of Vertex.

2. Jeffrey Marks, Esq. is and/or was Vertex's outside counsel and was never a defendant in the case.

3. With the exception of Jeffrey Marks, Esq.

4. Plaintiffs were petitioners in the arbitration proceeding.

incurred in complying with subpoenas. The settlement was funded by Vertex's insurance carrier with the remaining proceeds under Vertex's insurance policy. Following the execution of the settlement agreement, Plaintiffs served preservation subpoenas on the Movants, which directed them to preserve all relevant documents. Subsequently, the Court denied E & Y's motion to dismiss the Amended Complaint, and it remains the sole defendant in the case.

On May 15 and July 22 and 24, 2003, E & Y served subpoenas on the Movants demanding the production of documents and appearances at depositions. On June 19 and August 18, 2003, Plaintiffs served subpoenas on the Movants demanding the production of documents and appearances at depositions. The Movants and Plaintiffs agree that E & Y and Plaintiffs' subpoenas demanded similar documents.

By November 2003, the Movants scheduled numerous depositions and provided to Plaintiffs and E & Y the bulk of the subpoenaed documents.[5] The Movants also provided a privilege log. Plaintiffs complained that the privilege log was substantially defective. Attempts to resolve issues relating to the privilege log failed and, by letter dated December 2, 2003, Plaintiffs requested that the Court address the privilege log. In response, by letter dated December 3, 2003, the Movants advised that:

> ... [p]rior to the settlement, [the Movants] produced thousands of pages of documents to Plaintiffs' counsel in the related arbitration proceedings between [Plaintiffs] and Vertex. These documents were provided to Plaintiffs again in July of this year.
>
> Upon receiving Plaintiffs' subpoenas, [the Movants] have produced all of the responsive, non-privileged documentation in their possession, custody and control. [The Movants] are now attempting to locate and produce certain emails and other documents that Plaintiffs claim are illegible or that may contain attachments...
>
> ... In addition to providing all of the responsive documents in their possession, [the Movants] have provided Plaintiffs' counsel with numerous dates for their respective depositions in November and December of this year, as well as dates early next year... [6]

The Movants complained that Plaintiffs engaged in burdensome and harassing discovery tactics by: (1) demanding that the Movants identify by Bates numbers which documents were responsive to each numbered request in Plaintiffs' subpoenas[7], (2) demanding documentation regarding Barbara Martorano's medical condition, and (3) demanding a more detailed description of the documents withheld on the basis of privilege and reconsideration of the documents withheld. The Movants maintained that Plaintiffs' demands should not be tolerated unless they were willing to pay for counsel fees.

The Court scheduled a conference for December 17, 2003 to address concerns regarding the privilege log. In anticipation of the conference, by letter dated December 15, 2003, Plaintiffs advised that the Movants agreed to revise the privilege log by December 16, 2003, provide non-privileged documents by December 16, 2003, and schedule depositions.

By letter dated December 16, 2003, the Movants advised that they had produced additional documents, revised the privilege log and scheduled depositions "for all the individuals whom the parties wish to depose." *Id.* at 2. The Movants provided that "McCarter & English, LLP has performed legal services in excess of $35,000 in gathering and producing responsive documents." *Id.* The Movants requested that the Court compel reimbursement of the counsel fees.

During the December 17, 2003 conference, the Movants provided a copy of the privilege

---

5. See letters from McCarter & English, LLP, counsel for the Movants, dated December 3 and 16, 2003.

6. Letter from McCarter & English, LLP, dated December 3, 2003 at 1.

7. The Movants had produced the subpoenaed documents as they were kept in the usual course of business pursuant to *Fed.R.Civ.P.* 45(d)(1).

log to the Court. Plaintiffs objected to the descriptions provided for nine privileged documents, and the Movants provided more detailed descriptions for such documents. The Movants requested that the Court order reimbursement of counsel fees incurred in producing documents. The Court denied the Movants' request and granted leave to file a motion for counsel fees. At the Court's direction, copies of the privileged documents were provided for an *in camera* review.[8]

On December 19, 2003, the Movants filed the Motion to recover the same $35,000 in counsel fees from Plaintiffs and E & Y. By letter and certification dated December 31, 2003, the Movants revised the Motion by rescinding the application for counsel fees against E & Y[9] and increasing the application for counsel fees against Plaintiffs to approximately $58,000.[10] The Movants contend that $23,000 in counsel fees was incurred in "preparing for and appearing at the December 17, 2003 Status Conference before the Court that was initiated by plaintiffs to criticize Movants' privilege log, responding to Movants' [sic] numerous correspondence and telephone calls, as well as preparing the instant application." Reply at 3. During the last two weeks of December 2003, the Movants produced no documents and no depositions were conducted. The Movants maintain that reimbursement for counsel fees is warranted because Plaintiffs imposed an undue burden upon them. The Movants contend that as non-parties, they should suffer no financial hardship. The Movants argue that their "decision to cooperate with the parties and not file a protective order and/or motion to quash at that time—considering it was more expedient to simply produce the documents as they were relevant and would have been ordered to be produced anyway—is entirely reasonable under the circumstances." Reply at 3. To date, most of the depositions have been taken.

Plaintiffs argue that the Movants waived their right to seek counsel fees because they did not object to the subpoenas or seek a protective order making compliance with the subpoenas conditional upon reimbursement of counsel fees. The Court agrees.

*Discussion*

Federal Rule of Civil Procedure 45(c)(2)(B) sets forth the procedure by which a non-party is protected from costly compliance with a subpoena. Rule 45(c)(2)(B) provides, in pertinent part:

. . .

> a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena . . . serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials . . . . If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials .. except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. **Such an order to compel production** shall protect any person who is not a party . . . from significant expense resulting from the inspection and copying commanded.

*Id.* (emphasis added). Thus, in order to preserve its right to object to a subpoena, a non-party must serve written objection within 14 days after service of the subpoena. *See id.* The objection forces the subpoenaing party to seek an order compelling document production. *See id.* When a court compels document production, it must protect a non-party from significant production expenses. *See id.* Absent an order, a non-party bears its own production expenses. *Id.*

---

**8.** By Order dated March 1, 2004, the Court ruled that the documents listed in the privilege log were properly withheld.

**9.** The Movants provided that they rescinded their motion for counsel fees against E & Y because "the vast majority of the time incurred by [their counsel] was a direct result of plaintiffs' numer-

ous unreasonable discovery demands." Reply at 3.

**10.** The Movants revised the Motion seeking an additional $23,000 in counsel fees although the majority of such fees were incurred before the Motion was filed on December 19, 2003.

Support for the Court's interpretation of Rule 45(c)(2)(B) is found within the Advisory Committee Notes. The 1991 Amendment extends the 10-day deadline to object to a subpoena to 14 days and requires that "the subpoena include a statement of the rights and duties of witnesses." *Fed.R.Civ.P.* 45(c)(2)(B), Advisory Committee Notes, 1991 Amendment, Subdivision (c). Consequently, the Amendment "make[s] it reasonable to construe the new time limits more strictly so that failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production." *Angell v. Shawmut Bank Connecticut National Association,* 153 F.R.D. 585, 590 (M.D.N.C.1994). When objection is made, "[a] non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court." *Fed.R.Civ.P.* 45(c)(2)(B), Advisory Committee Notes, 1991 Amendment, Subdivision (c).

The Court's interpretation of Rule 45(c)(2)(B) comports with case law. In *Angell,* the Court awarded discovery costs to non-parties, notwithstanding their failure to object to a subpoena, because they entered into a private agreement for reimbursement with the subpoenaing party. 153 F.R.D. at 590. The Court provided, however, that "[i]f the instant situation were merely one where [the non-parties] had complied with the subpoenas without filing an objection and then submitted a bill of costs, the court would deny the motion because the [non-parties] would have waived their right to complain about the undue burden of the subpoenas." *Id.*

In *Tutor–Saliba Corp. v. U.S.,* a non-party furnished subpoenaed documents after the subpoenaing party threatened to file a motion to compel production. 32 Fed.Cl. 609, 610 (1995). Subsequently, the non-party moved for reimbursement of $39,000 in production expenses. *See id.* The Court denied

the non-party's motion for reimbursement and held:

> [w]hen it was served with the subpoena, [the non-party] did not object to compliance and did not make any effort to indicate that it would be seeking reimbursement costs as a condition of compliance. [The non-party] did not move to quash or modify the subpoena . . . . Nor did it object in writing to compliance as unreasonable . . . so as to force the [subpoenaing party] to obtain a court order compelling production. Thus, as a consequence of its own failure to take appropriate action, [the non-party] is precluded from recovery [of] its discovery costs.[11]

*Id.* at 612.

Similarly, the Movants waived their right to reimbursement of significant counsel fees incurred in complying with Plaintiffs' subpoenas. The Movants did not object to the subpoenas[12] nor did they condition compliance on reimbursement of expenses. Rather, by November 2003—before they adverted to reimbursement of counsel fees—the Movants produced the bulk of the subpoenaed documents, provided a privilege log and scheduled subpoenaed depositions. Consequently, by December 2, 2003, the first date that they express concerns about the undue burden imposed by the subpoenas, the Movants had complied with Plaintiffs' subpoenas. In fact, by December 16, 2003, the Movants produced a trifling amount of additional documents, revised the privilege log and scheduled depositions for all of the individuals that Plaintiffs wished to depose. Clearly, by the time they filed the Motion, the Movants had complied voluntarily with the subpoenas without conditioning compliance on reimbursement. To date, the Movants continue to comply, absent protections afforded by Rule 45(c)(2)(B), as most of the depositions have been completed. As the Movants maintain, Rule 45 is intended to "clarify and enlarge the protections afforded persons who are **required** to assist the court by giving information and evidence . . ."[13] The Mov-

---

**11.** The Court applied *U.S.Ct. Cl. R. Civ. P.* 45(c)(2)(B), which is analogous to *Fed.R.Civ.P.* 45(c)(2)(B).

**12.** Pursuant to Rule 45(c)(2)(B), a written objection must be made within 14 days of service of the subpoena.

**13.** Reply at 1 (citing Federal Rules of Civil Procedure, Advisory Committee Notes (emphasis add-

ants failed to follow the procedure set forth in Rule 45(c)(2)(B), thus they are not entitled to the protections afforded by the Rule. Indeed, expedient compliance does not outweigh the prejudice that would ensue to Plaintiffs if required to pay exorbitant counsel fees absent an opportunity to address their subpoenas and mitigate counsel fees.[14]

In support of the Motion, the Movants rely on cases that involve circumstances where a non-party is compelled to comply with a subpoena or conditions compliance on reimbursement. In *U.S. v. Columbia Broadcasting System, Inc.,* within its motion to quash a subpoena, a non-party expressly reserved the right to seek reimbursement of discovery costs if production was ordered. 666 F.2d 364 (9th Cir.1982). In *In re Letters Rogatory,* a non-party moved to quash or modify a subpoena and sought expenses prior to compliance. 144 F.R.D. 272 (E.D.Pa.1992). In *Kisser v. Coalition for Religious Freedom,* a non-party, who moved to quash or modify a subpoena prior to compliance, was entitled to reimbursement. 1995 WL 590169 (E.D.Pa. 1995). In *Mycogen Plant Science, Inc. v. Monsanto Co.,* non-parties, who moved to quash subpoenas and for a protective order prior to compliance, were entitled to reimbursement. 164 F.R.D. 623 (E.D.Pa.1996). In *Williams v. City of Dallas,* non-parties moved to quash subpoenas prior to compliance. 178 F.R.D. 103 (N.D.Tex.1998). In *Linder v. Calero–Portocarrero,* non-party agencies sought reimbursement of expenses, prior to compliance with a subpoena, in response to a motion to compel compliance. 251 F.3d 178 (D.C.Cir.2001). In *R.J. Reynolds Tobacco v. Philip Morris, Inc.,* a non-party that was compelled to furnish subpoe-

 naed documents sought reimbursement prior to the production of documents. 29 Fed. Appx. 880, 881–82 (3d Cir.2002).

Further, the Movants rely on *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.* to no avail. 161 F.R.D. 86 (N.D.Cal.1995). In that case—unlike every other case on the subject that the Court could locate[15]—the Court awarded counsel fees to a non-party who voluntarily complied with a subpoena absent conditioning compliance on reimbursement. *See id.* at 88. In so doing the Court was:

> cognizant of the fact that *Fed.R.Civ.P.* 45 sets out a procedure permitting the recipient of a subpoena to object and require the requesting party to move to compel production. The rule also permits the recipient to move to quash the subpoena. [The non-party] did neither because it was more expedient to simply produce the documents as they were relevant and would have been ordered to be produced anyway. This court finds [the non-party's] response to have been entirely reasonable and consistent with the underlying purpose of the amended rule.

*Id.* at 88, footnote 1. This Court is satisfied that there is no basis to veer from the letter of the law. Had the promulgators of Rule 45 intended to permit reimbursement to a non-party who failed to object to a subpoena or condition compliance on reimbursement because it was more expedient to simply comply, they would have provided so. An award of $58,000, absent notice to Plaintiffs, is tantamount to severe prejudice.

### ORDER

Vertex Interactive, Inc., Nicholas Toms, Donald Rowley, Raymond Broek, Barbara

---

**14.** Further, the Court is satisfied that the Movants would not be entitled to $58,000 in counsel fees considering that half of the documents were produced previously or produced as a result of E & Y's subpoena; all of the documents and the privilege log were produced to both Plaintiffs and E & Y; and the time sheets submitted by the Movants indicate that no significant amount of time was spent responding to Plaintiffs' subpoenas separate from E & Y's subpoenas. Plaintiffs and E & Y have paid for copying costs.

**15.** *See supra. See also In Re Honeywell Int'l, Inc. Securities Litigation,* 2003 U.S. Dist. LEXIS

20602 (S.D.N.Y.) (non-party sought costs prior to being ordered to produce subpoenaed documents electronically); *Broussard v. Lemons,* 186 F.R.D. 396 (W.D.La.1999) (non-party asserted a timely objection to a subpoena when it sought advance payment of production expenses prior to producing documents); *McCloskey v. U.P.S. General Svs. Co.,* 1996 U.S. Dist. LEXIS 17465 (Dist.Ore. 1996) (non-party moved to quash a subpoena and sought reimbursement prior to production); *In Re Motorsports Merchandise Antitrust Litigation,* 186 F.R.D. 344 (W.D.Va.1999) (in its motion to quash a subpoena, non-party requested costs).

Martorano, Joseph Robinson, Wayne Clevenger and Jeffrey Marks, Esq., seek counsel fees, pursuant to *Fed. R. Civ. P.* 45(c)(2)(B), incurred in complying with subpoenas served by plaintiffs Daniel McCabe, *et al.* ("Plaintiffs"). Plaintiffs have opposed the Motion. The Court decides the Motion based upon the written submissions of the parties pursuant to *Fed.R.Civ.P.* 78. For the reasons set forth in the Opinion of even date, the Motion is denied.

The parties have ten days to object to this Order pursuant to *Fed.R.Civ.P.* 72(a).