**WELLS FARGO BANK, N.A.,**
**Trustee, Plaintiff,**

v.

Michael **KONOVER**, Konover Development Corporation, Konover Construction Corporation, Konover & Associates, Inc., Blackboard LLC, and Ripple, LLC, Defendants.

No. 3:05cv01924(CFD)(WIG).

United States District Court,
D. Connecticut.

Aug. 20, 2009.

Allan B. Taylor, Erick M. Sandler, John B. Nolan, Day Pitney LLP–HTFD, Hartford, CT, Jeff Joyce, Law Offices of Jeff Joyce, Houston, TX, for Plaintiff.

Cheryl Gabes Rice, Mark S. Shipman, Robert A. Randich, Shipman Sosensky & Marks LLC, Farmington, CT, Conor B. O'Croinin, William J. Murphy, Murphy & Shaffer, LLC, Baltimore, MD, Elizabeth T. Arana, Mark S. Baldwin, Stephen R. Klaffky, Brown Rudnick Berlack Israels, Michael J. Kolosky, Theodore J. Tucci, Robinson & Cole, Hartford, CT, James T. Shearin, Steven J. Stafstrom, Jr., Tristan Scott Cowperthwait, Pullman & Comley, Bridgeport, CT, for Defendants.

*RULING ON NON–PARTY KONOVER FAMILY LIMITED PARTNERSHIP'S MOTION FOR RECOVERY OF COSTS AND ATTORNEY'S FEES [DOC. # 586]*

WILLIAM I. GARFINKEL, United States Magistrate Judge.

Pursuant to Rule 45, Fed.R.Civ.P., non-party Konover Family Limited Partnership ("KFLP") has moved for a recovery of the costs and fees it incurred in objecting and responding to discovery requests from Plaintiff, Wells Fargo Bank, N.A., Trustee, in the amount of $229,763.43. KFLP claims that an award is mandatory under Rule 45 because it was neither a party to the underlying Maryland litigation nor is it a party to this action.

Plaintiff responds that in order for a non-party to be entitled to reimbursement for any costs associated with compliance with a subpoena, a non-party must be a truly disinterested party, which KFLP is not. KFLP is controlled by Defendants Michael Konover, the central figure in this action, and Ripple LLC, its general partner. KFLP also has a material involvement and strong interest in one of the central transactions being challenged as a fraudulent transfer in this case, *i.e.* the transfer of Peerless Corporation's (f/n/a Konover Management Corporation) general partnership interest in KFLP to Ripple in the wake the Maryland judge's announcement that a judgment exceeding $20 million would be entered against Peerless. Also, KFLP has a substantial interest in Ripple, its own general partner, prevailing in this action. Moreover, Plaintiff argues that the vast majority of KFLP's expenses were related to its unreasonable litigation strategy.

The Court need not reach this last point for it finds that KFLP is not a truly disinterested party entitled to invoke the protections of Rule 45.

Rule 45 protects non-parties from significant expenses incurred in their compliance with a subpoena. *See* Fed.R.Civ.P. 45 Advisory Committee's Note 1991 Adoption. The Advisory Committee Notes speak in terms of a non-party's "involuntary assistance to the court," *id.*, and provide the example of a non-party being required to provide a list of class members.

The courts have also made clear that Rule 45's required protection of a non-party from significant discovery expenses does not mean that the requesting party must bear the entire cost of compliance in every case. A non-party can be required to bear some or all of the expenses where the equities of the particular case demand it. *In re Honeywell Int'l, Inc. Securities Litig.*, 230 F.R.D. 293, 302–03 (S.D.N.Y.2003); *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C.1992). To determine who should bear the costs, the courts have considered three factors: (1) whether the non-party actually has an interest in the outcome of the litigation; (2) whether the non-party can more readily bear the costs than the requesting party; and (3) whether the litigation is of public importance. *Linder v. Calero–Portocarrero*, 180 F.R.D. 168, 177 (D.D.C.1998); *In re Exxon Valdez*, 142 F.R.D. at 383.

In this case, KFLP is a limited partnership in which Michael Konover and his two siblings each hold a 33% limited partnership interest. Ripple LLC is the general partner and holds a 1% ownership interest, which it purchased in June 2005 from Peerless Corporation. Ripple is owned and managed solely by Michael Konover. Thus, KFLP is not the classic disinterested party subject to a subpoena from a party to a lawsuit to which it has no connection, such as, for example, a non-party bank served with a subpoena requesting all bank records of defendants in a RICO action. *See Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 264–65 (D.Del.1992).

Additionally, KFLP is represented by the same law firm that represents Michael Kon-

over, Blackboard LLC, Ripple LLC, Peerless Corporation, and MCK, Inc., in this litigation. Many of the same discovery requests were served on these defendants as well as on KFLP, and many of the same objections were interposed. From the limited time records produced, the Court cannot discern whether the time spent attending motion hearings, for example, was solely on behalf of KFLP, or on behalf of one or more of the parties to this litigation as well.

Lastly, the allegedly fraudulent transfer of the general partnership interest in KFLP from Peerless to Ripple is at the very heart of discovery requests. In determining whether the requesting party should be required to bear the costs of production, a number of courts have looked to whether the non-party was substantially involved in the underlying transaction and could have anticipated that such transaction could potentially spawn litigation or discovery. *See, e.g., Behrend v. Comcast Corp.*, 248 F.R.D. 84, 87 (D.Mass.2008); *Tutor–Saliba Corp. v. United States*, 32 Fed.Cl. 609, 610 n. 5 (1995); *In re First Am. Corp.*, 184 F.R.D. 234, 242 (S.D.N.Y.1998). The transfer of the general partnership interest was made following the Maryland judge's pronouncement of her intended ruling against Peerless but before judgment entered. Michael Konover testified in his deposition on behalf of KFLP that the reason the transfer of the general partnership interest was undertaken was because Peerless could be facing some significant financial problems and that he did not think it would be a good thing for KFLP if its general partner was immersed in financial problems. (Konover KFLP Dep. at 50–51.) It is this very transfer that Plaintiff is challenging as a fraudulent transfer.

Accordingly, based on the Court's finding that KFLP is not a disinterested non-party, the Court denies the Motion for Recovery of Costs and Attorney's Fees by Non–Party Konover Family Limited Partnership [Doc. # 586].